[No. 34841. Department One. April 2, 1959.]

JOSEPH Z. MANN et al., Appellants, v. THE SEATTLE FIRE DEPARTMENT RELIEF ASSOCIATION, Respondent.[1]

*Wright & Wright,* for appellants.

*John Spiller,* for respondent.

OTT, J.—The Seattle Fire Department Relief Association is a nonprofit corporation organized under the laws of this

[1]Reported in 337 P. (2d) 295.

state. Its purpose is to provide certain sickness, accident, and death benefits to its members and their beneficiaries. The benefits are paid by assessment of the membership. Prior to November 7, 1948, membership was restricted to actively employed members of the Seattle fire department. When members ceased to be employed, or retired from active service, they were no longer eligible for membership and forfeited their right to participate in the benefits of the association.

Amendments to the bylaws of the association are accomplished in the following manner:

" 'These By-Laws may be amended at any meeting of the Board of Directors by a two-thirds vote of the entire board; PROVIDED, that notice of such amendment be given in writing in open meeting at least thirty (30) days prior to the date of the meeting at which the proposed amendment will be voted upon; and, PROVIDED FURTHER, that these By-Laws may be amended at any meeting of the Board of Directors without notice of the meeting when the entire Board of Directors are present at said meeting and the entire board in writing waives the notice of thirty (30) days whenever provided for.' "

November 7, 1948, the board of directors amended the bylaws to permit members retiring from the Seattle fire department to become nonvoting, inactive members. The petition for inactive membership contains, among other things, the following provision:

"The undersigned respectfully petitions to become an Inactive Member of the Seattle Fire Department Relief Association. If accepted, I pledge myself to a cheerful obedience of the by-laws, rules and regulations of the Association."

The certificate issued to those granted inactive membership provides, *inter alia*, that "in the event of his [the inactive member's] death, [his beneficiary] to receive the Death Benefit, as may be provided for in the By-Laws of the Association, at the time of death."

Article II, § 3, provides: " 'An inactive member shall pay no dues or assessments except the death assessment provided for in these by-laws.' "

The association collects a death assessment in the amount of two dollars from each active and inactive member, upon the death of a member. The beneficiary is paid the sum of two thousand dollars.

June 13, 1956, the respondent association again amended its bylaws. This amendment grants to active members, upon retirement, the option of receiving one thousand dollars in lieu of the benefits of inactive membership. By the terms of the June 13, 1956, amendment, each active and inactive member is required to pay an assessment of one dollar when an active member retires, accepts the option, and relinquishes his membership.

Forty-five inactive members commenced this action to recover from the association the one-dollar assessments they had paid, and to restrain further one-dollar assessments upon inactive members, alleging such assessments to be illegal charges in violation of their vested contract rights.

The case was tried on stipulated facts substantially as above indicated. From a judgment denying the plaintiffs the relief prayed for, the inactive members have appealed.

The appeal presents a single question: Did the board have authority to change its bylaws in the manner shown by the stipulation? The trial court determined that the stipulated facts established that the board did have such authority. This conclusion is supported by the record.

The inactive members agreed to abide by the bylaws of the association. The association's bylaws permit amendments at any time by its board of directors. There is nothing in the agreed statement of facts that in any manner limits the right of the board to change either the benefits or the burdens of the members. The certificate of inactive membership does not guarantee the perpetuation of Art. II, § 3, or the amount of the assessments; it simply guarantees to pay to the beneficiary such "Death Benefit, as may be provided for in the By-Laws of the Association, at the time of death."

The authority of the board of a benevolent association to make amendments, as shown by the stipulated facts in the instant appeal, is well within the purview and rules an-

nounced in *Thomas v. Knights of Maccabees,* 85 Wash. 665, 149 Pac. 7 (1915).

Finally, appellants contend that the board exceeded its authority in adopting the amendment of June 13, 1956, and that its conduct was arbitrary and capricious. The stipulated facts do not establish either of these contentions.

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.